**Sherrell L. CRAWLEY–GNALETASSI, Appellant**

v.

**PHILA. DIRECT INQUIRER, Appellee.**

**Sherrell L. Crawley–Gnaletassi, Appellant**

v.

**Headline Promotions, Appellee.**

**Nos. 06–5138, 06–5171.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 2, 2007.

Filed Oct. 9, 2007.

Sherrell L. Crawley–Gnaletassi, Philadelphia, PA, pro se.

BEFORE: RENDELL, HARDIMAN and COWEN, Circuit Judges.

OPINION

PER CURIAM.

Appellant, Sherrell Crawley–Gnaletassi, proceeding *pro se*, appeals from the District Court's orders dismissing her two separately filed complaints. For the reasons that follow, we will affirm.

On September 11, 2006, Appellant filed two separate complaints in the United States District Court for the Eastern District of Pennsylvania. The first complaint was docketed at E.D. Pa. Civ. No. 06–cv–04031 and named Headline Promotions as the defendant. The second complaint was docketed at E.D. Pa. Civ. No. 06–cv–04033 and named Philadelphia Direct Inquirer as the defendant. Upon review of the two complaints, the District Court concluded that Appellant's complaint, in both actions, failed to provide a short and plain statement of the claims showing she was entitled to relief. The District Court granted Appellant leave to file an amended complaint in both cases within thirty (30) days in order to remedy the deficiencies. Appellant filed a separate amended complaint in each action within the specified time period. The District Court concluded that the amended complaints failed to remedy the deficiencies of the original complaints and granted the Appellant on additional opportunity to cure the defects by filing a second amended complaint in both cases. Appellant, in both actions, filed a document titled "motion" as her second amended complaint. The District Court concluded that neither of the second amended complaints provided a short and plain statement of the claims showing that Appellant was entitled to relief, and dismissed the two complaints without prejudice. Appellant filed a notice of appeal in each case. We consolidated the appeals for our consideration.

We have jurisdiction over Appellant's appeals pursuant to 28 U.S.C. § 1291. We

review a district court's decision to dismiss a complaint pursuant to Rule 8 for abuse of discretion. *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir.1996).

Rule 8(a)(1) requires that a complaint contain a short and plain statement of the plaintiff's claims. Appellant's original complaints and amended complaints in both actions fail to comply with this requirement. Upon review of the multiple complaints that Appellant has submitted, we agree with the District Court's conclusion that Appellant's complaints fail to aver sufficient facts to enable Appellees to appropriately investigate and respond. *See Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir.2007) (stating "[n]otice pleading requires a plaintiff to provide the opponent with fair notice of a claim and the grounds on which that claim is based"). Accordingly, the District Court did not abuse its discretion, in either action, in dismissing Appellant's amended complaints without prejudice.

For the foregoing reasons, we will affirm the judgments of the District Court.